UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
JACQUELINE S.,                      :
                                    :
    plaintiff,                      :
                                    :
v.                                  :   CASE NO. 3:18-cv-1977(RAR)
                                    :
MARTIN O'MALLEY,                    :
COMMISSIONER OF                     :
SOCIAL SECURITY,                    :
                                    :
    defendant.                      :
```

**RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
PURSUANT TO 42 U.S.C. § 406(b)**

Jacqueline S. ("plaintiff") has moved for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). Plaintiff's counsel is seeking $33,182.50, which is twenty-five percent of the past due Social Security benefits paid to plaintiff. (Dkt. #28 at 1.) The Commissioner, in his limited role in this type of proceeding, does not object to the granting of this motion. (Dkt. #31.)

Following a denial of benefits by an Administrative Law Judge ("ALJ"), plaintiff's counsel filed the instant action seeking judicial review of the adverse decision by the ALJ. (Dkt. #28 at 1.)  The Court affirmed the decision of the ALJ and plaintiff appealed to the Second Circuit Court of Appeals. (Dkt. #28 at 1.) The Second Circuit vacated the decision with instructions to remand the matter to the Social Security

Administration ("SSA") for further proceedings. (Dkt. #21.) Following remand and an additional hearing before an ALJ, plaintiff received a Notice of Award from the Social Security Administration dated March 5, 2023. (Dkt. #28 at 1.)  The Notice of Award contained an error and the SSA later provided plaintiff with an updated notice dated December 3, 2023 which indicated that the SSA had withheld $33,182.50, which was noted to be 25% of the past due benefits to which plaintiff was entitled.  (Dkt. #28-1 at 3-5.)

In evaluating a motion for attorney's fees in the Social Security context, "Congress capped contingency fees at twenty-five percent of the claimant's past-due benefits and charged courts with ensuring that resulting fees are 'reasonable.'" Fields v. Kijakazi, 24 F.4th 845, 849 (2d Cir. 2022) (citing 42 U.S.C. § 406(b)(1)(A)).  In Fields, Judge Calabresi outlined the now well-established "guidelines for courts conducting this reasonableness analysis, instructing [courts] to consider: a) the character of the representation and the result the representative achieved, b) whether a claimant's counsel is responsible for undue delay, and c) whether there was fraud or overreaching in the making of the contingency agreement." Fields, 24 F.4th at 849 (footnote omitted).

In addition, "as a part of the reasonableness determination, a district court must also consider whether a requested fee would result in a 'windfall' to counsel." Id. "In determining whether there is a windfall that renders a § 406(b) fee in a particular case unreasonable, courts must consider more than the de facto hourly rate." Id. at 854. Rather, the court should consider the "ability and expertise of the lawyer" involved, the "nature and length of the professional relationship with claimant," the satisfaction of the client, and how uncertain it was that the case would result in an award of benefits. Id. at 854-55. As the Second Circuit noted, "even a high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case" Id. at 854.

In the instant case, the motion for attorney's fees was timely filed following the positive result for the claimant and there is no evidence of any undue delay or fraud on the part of plaintiff's counsel.[1] Additionally, the requested amount is equal to, but does not exceed 25% of the award of benefits.[2] In

---

[1] The Court notes that there was a delay between March 5, 2023 and December 3, 2023 while the SSA corrected alleged errors in the notice of award provided to plaintiff. There is nothing in the record to indicate that any of this delay was instigated or due to the fault of plaintiff's counsel.

[2] The Court notes that plaintiff's brief alludes to the requested dollar figure as 25% throughout the motion. However, on one occasion, the brief states that the requested fee is 15% of the retroactive benefit. It appears to the Court that this was a typographical error, and in any event, it does not impact the outcome of this decision.

evaluating the relevant factors regarding the reasonableness of the award, the Court finds that the requested fee would not constitute a windfall.  Plaintiff's counsel is experienced and skilled in the area of Social Security disability appeals and regularly represents claimants before this Court.  Plaintiff's counsel has expended 35.5 hours of time in representing the plaintiff in federal court and the corresponding hearings before an ALJ.  Presumably, the plaintiff, who has now been awarded benefits, is satisfied with counsel's performance in this case.  Finally, plaintiff's counsel was required to successfully seek remand at the federal court in order to achieve this result.  For these reasons the Court finds that the requested award of $33,182.50, which amounts to an hourly rate of $934.47, is reasonable.

## CONCLUSION

Based on the foregoing, plaintiff's motion for an award of attorney's fees in the amount of $33,182.50 is GRANTED.  The award should be paid out of the plaintiff's past due benefits in accordance with agency policy.

This is not a recommended ruling.  The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure.  Appeals can be made directly to the

appropriate United States Court of Appeals from this judgment. See 28 U.S.C. § 636(c)(3).

    SO ORDERED this 21st day of December, 2023, at Hartford, Connecticut.

                                       /s/
                            Robert A. Richardson
                            United States Magistrate Judge